[No. 1141-3.    Division Three.    June 1, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. FREDERICK ALLEN McGEE, *Appellant*.

*F. Lawrence Taylor, Jr.,* and *Gordon & Ripple,* for appellant.

*Ronald R. Carpenter, Prosecuting Attorney,* for respondent.

GREEN, J.—Defendant appeals from a conviction for possession of marijuana. The sole issue is whether the court erred in refusing to suppress the marijuana obtained during a warrantless search.

At approximately 12:20 a.m. on October 13, 1974, the Spokane Police Department radio operator received a telephone tip that Fred McGee would leave Spokane en route to Pullman on October 13, 1974, between 1:30 and 2 p.m., driving a blue 1966 Chevrolet Chevelle and transporting a large quantity of narcotics. The radio operator immediately relayed the information to the Colfax sheriff's office. Whitman County Deputy Sheriff Ron Jones arrived at work at 7:50 a.m., was advised of the tip, and called the

Spokane Police Department to verify the information. Later that morning, the Colfax sheriff's office received verification from Spokane that the tip was given by a well-known, reliable informant. At 12:35 p.m., Deputy Jones received verification from the Department of Motor Vehicles in Olympia that Fred McGee was the registered owner of a 1968 Chevelle, license number CJW 746. Deputy Jones and Deputy Nelson, director of narcotics of the County Sheriff's Department, thereupon proceeded north toward Spokane to Cashup Flats on Highway 195, where they stopped near the highway. About 2:20 p.m., a blue Chevelle fitting the informant's description with license number CJW 746 passed by going south, toward Colfax and Pullman. Deputy Jones immediately recognized the driver as Fred McGee, due to Mr. McGee's prior involvement with the Whitman County Sheriff's office. The car was stopped and about 1 pound of marijuana was found in the trunk. The deputies had not obtained a search warrant.

The trial court found that the search was not unreasonable, but was based on probable cause, concurrent arrest, and consent by defendant. Defendant contends that Deputy Jones had sufficient time to obtain a valid search warrant, and that his failure to do so resulted in an illegal and unreasonable search. We disagree.

Probable cause to support the issuance of a search warrant cannot be based on the informant's tip alone, absent underlying facts or circumstances. *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). In *State v. White*, 10 Wn. App. 273, 277, 518 P.2d 245 (1973), a case similar to the one at bench, the court said:

> To constitute probable cause for a search or arrest, information conveyed to the police, *even by a reliable informant*, must be tested to determine that the *tip* is reliable. The reliability of the information may be established by a showing that the informant based his assertions on direct personal observations, or upon the reasonableness of the underlying circumstances, sources, or facts upon which the informant reached his conclusion. In every case, *the informant's information must go be-*

*yond a mere unsupported conclusion, belief, or suspicion that the illegal activities are occurring or will occur.*

(Italics ours.) Here, the tip was from a well-known, reliable informant. However, there is no evidence in the record of underlying facts or circumstances establishing that the tip was more than mere belief or suspicion. Thus, the tip alone would not support the issuance of a search warrant.

However, a tip may be the initial impetus giving rise to subsequent corroborative observations by police to support the existence of probable cause which could not be found on the tip alone. *State v. White, supra.* Here, the tip provided a general description of the vehicle, the name of the driver, the criminal activity, the date, and approximate time the vehicle would leave Spokane en route to the Colfax-Pullman area. When the deputies observed the described vehicle proceeding on Highway 195 at the exact time, place, and direction predicted by the informant, and recognized the driver as Fred McGee, they could reasonably infer that the information from the informant was gained in a reliable way. At that point, these observations corroborated the informant's tip giving rise to probable cause. At that time, the situation was emergent and there was no time to obtain a warrant. *See State v. Smith,* 9 Wn. App. 309, 511 P.2d 1390 (1973); *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970).

Deputy Jones' failure to secure a search warrant prior to the stop, arrest, and search is therefore not fatal to the trial court's finding that the search was reasonable. There was no error in denying defendant's motion to suppress the evidence.

Moreover, the trial court found that the search was reasonable based on probable cause, concurrent arrest, *and consent.* No error is assigned to the finding of consent. In light of the decision in *State v. Shoemaker,* 85 Wn.2d 207,

566

533 P.2d 123 (1975), defendant McGee's consent to the search was voluntary.

Affirmed.

McInturff, C.J., and Munson, J., concur.